Jonathan I. Rabinowitz (JR9356)
RABINOWITZ, LUBETKIN & TULLY, L.L.C.
293 Eisenhower Parkway, Suite 100
Livingston, NJ 07039
PHONE:       (973) 597-9100
FAX:         (973) 597-9119

Harvey R. Weingarden, ESQ.
COHEN, LERNER & RABINOVITZ
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067
PHONE:       (248) 691-2200
FAX:         (248) 691-2214

*Attorneys for Forge Precision Company*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DANA CORPORATION, *et al*., | : | Case No. 06-10354 (BRL) |
| | : | |
| Debtor. | : | (Jointly Administered) |

---------------------------------------------------------------X

**FORGE PRECISION COMPANY'S STATEMENT OF ISSUES ON APPEAL
AND DESIGNATION OF RECORD ON APPEAL RESPECTING MEMORANDUM
DECISION GRANTING SUMMARY JUDGMENT DISALLOWING CLAIM**

Forge Precision Company ("Forge"), through its undersigned counsel, Rabinowitz, Lubetkin & Tully, L.L.C. and Cohen, Lerner & Rabinovitz, P.C., hereby submits its statement of the issues on appeal and designates the record on appeal to the United States District Court for the Southern District of New York, respecting the Memorandum Decision Granting Summary Judgment Disallowing Claim ("Memorandum Decision"), by Hon. Burton R. Lifland, United

States Bankruptcy Judge, dated November 14, 2007, and the subsequent, confirmatory Order in accordance with the Memorandum Decision which was entered on November 28, 2007.

## Issues to be Presented on Appeal

1. Did the Bankruptcy Court for the Southern District of New York ("the Bankruptcy Court") err in denying Forge's cross motion for relief from the automatic stay to allow the United States District Court for the Eastern District of Michigan to liquidate Forge's claim?

2. Did the Bankruptcy Court err in not properly applying the twelve factors articulated in In re Sonnax Industries, Inc., 907 F.2d 1280 (2d Cir. 1990), in considering Forge's cross-motion for relief from the automatic stay?

3. Did the Bankruptcy Court err in granting summary judgment in favor of Dana without first conducting a pre-motion conference pursuant to S.D.N.Y. LBR 7056-1(a)?

4. Did the Bankruptcy Court err in granting summary judgment in favor of Dana without requiring Dana to submit a separate, short, concise statement in numbered paragraphs of the material facts as to which Dana contended there is no genuine issue to be tried, pursuant to S.D.N.Y. LBR 7056-1(b)?

5. Did the Bankruptcy Court err in granting summary judgment to Dana without affording Forge the opportunity to submit a numbered paragraph responsive to each numbered paragraph of material facts which Dana was required to submit and failed to do so asserting no genuine issue existed, and in failing to afford Forge the opportunity to submit a statement of additional material facts to which a genuine issue existed, all pursuant to S.D.N.Y. LBR 7056-1(c)?

6. Did the Bankruptcy Court err in granting the objection of Debtor Dana Corporation ("Dana") seeking to disallow Forge's claim?

7. Did the Bankruptcy Court err in granting summary judgment on the issue of breach of contract, in contravention of Federal Rule of Civil Procedure 56, without finding that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact?

8. Did the Bankruptcy Court err in granting summary judgment in favor of Dana and against Forge on the issues of fraud and wrongful disclosure of proprietary information, in contravention of Federal Rule of Civil Procedure 56, without finding that the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact?

9. Did the Bankruptcy Court err in not reviewing the file from the United States District Court for the Eastern District of Michigan prior to granting summary judgment in favor of Dana and against Forge?

10. Did the Bankruptcy Court err in granting summary judgment in favor of Dana given Forge's arguments and proofs identifying specific facts on which there existed a genuine issue of material fact?

11. Did the Bankruptcy Court err in not addressing the presence or absence of genuine issues of material fact in its Memorandum Decision?

12. Did the Bankruptcy Court err in not considering the July 1, 2004 purchase order to be the controlling document, since it revised and superceded the March 24, 2004 purchase

order, given the Bankruptcy Court's obligation to view the evidence in the light most favorable to Forge?

13. Did the Bankruptcy Court err in basing its Memorandum Decision, in part, on language contained in the March 24, 2004 purchase order, which language was removed from the subsequent July 1, 2004 purchase order?

14. Did the Bankruptcy Court err in denying Forge's claim of breach of contract, since the Bankruptcy Court was required to view the evidence in the light most favorable to Forge?

15. Did the Bankruptcy Court err in determining that Forge's breach of contract claim "depends entirely on the premise that the July email from Dana was a binding and enforceable modification to the Blanket Purchase Order..." when Forge presented additional facts upon which a modified contract could be imposed, and which modified contract was breached?

16. Did the Bankruptcy Court err in denying Forge's claim of fraud regarding Dana's improper removal of a cutting tool and delivery to a competitor, since the Bankruptcy Court was required to view the evidence in the light most favorable to Forge?

17. Did the Bankruptcy Court err in finding "extensive dialogue" was not a prerequisite to contract termination when the Bankruptcy Court was required to view the evidence in the light most favorable to Forge?

18. Did the Bankruptcy Court err in applying Michigan's "economic loss doctrine" to a lawsuit between two commercial suppliers, where no consumer was involved, and where there was no claim that the product was defective?

19. Did the Bankruptcy Court err in failing to find fraud in the inducement, when it did not consider the additional documents provided by Forge, particularly given the requirement to view the evidence in the light most favorable to Forge?

20. Did the Bankruptcy Court err in denying Forge's claim on a summary judgment basis under Federal Rule of Civil Procedure 56?

21. Did the Bankruptcy Court err in disallowing Forge's claim for $4,156,000 without granting stay relief to allow the United States District Court for the Eastern District of Michigan to first reach a determination on the underlying case?

22. Did the Bankruptcy Court err in denying Forge's counsel's request that additional briefing be allowed because the District Court summary judgment briefs were 18 months old at the time of the Bankruptcy Court hearing on October 17, 2007?

23. Did the Bankruptcy Court err in denying Forge's motion for stay relief where the possible remand of the underlying litigation back to state court raised by the *sua sponte* Order to Show Cause issued by the Honorable Gerald E. Rosen of the United States District Court for the Eastern District of Michigan, was unresolved?

**Designation of Items to be Included in the Record on Appeal**

1. Dana's District Court for the Eastern District of Michigan Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, including (i) Exhibit A - March 24, 2004 purchase order; (ii) Exhibit B - Forge's First Amended Complaint and Affidavit of Eric Kchikian; and (iii) Exhibit C - Dana's Initial Set of Interrogatories and Requests for Production of Documents Directed To Plaintiff, and Answers thereto, including attached documents.  (Exhibit G to Docket No. 5985)

2. Forge's District Court for the Eastern District of Michigan Response to Dana's Motion for Summary Judgment, including (i) Exhibit A -Spisak July 29, 2004, e-mail; (ii) Exhibit B - Spisak July 6, 2004, e-mail; (iii) Exhibit C - March 22, 2004 purchase order and July 1, 2004 purchase order revision; (iv) Exhibit D - Alwood June 23, 2004, e-mail attaching memo providing minimum shipments through December 31, 2004; Alwood handwritten memo providing parts needed through December 31, 2004; and February 19, 2004 Request for Quotation from Dana showing 1200 "ongoing" pieces per month; (v) Exhibit E – transcript of deposition of Orin Gillette dated June 21, 2005; (vi) Exhibit F - transcript of deposition of Don Alwood dated June 21, 2005; and (vii) Exhibit G - transcript of deposition of Bob Buss dated October 28, 2005.  (Exhibit H to Docket No. 5985)

3. Dana's District Court for the Eastern District of Michigan Reply Brief in Support if Its Motion for Summary Judgment.  (Exhibit I to Docket 5985)

4. Transcript of deposition of Eric Kchikian dated November 30, 2005, and attached exhibits.

5. Order to Show Cause issued by the United States District Court for the Eastern District of Michigan on June 22, 2005.

6. Doeren Mayhew financial report dated March 7, 2006 and attached to Forge's proof of claim.  (Attachment to Claim No. 2064)

7. Transcript of hearing before Hon. Burton R. Lifland, October 17, 2007.  (Ordered but not yet received.  To be supplied).

8. Memorandum Decision Granting Summary Judgment Disallowing Claim, issued by Hon. Burton R. Lifland on November 14, 2007. (Docket No. 6920)

9. Bankruptcy Court Order Settling Memorandum Decision Granting Summary Judgment Disallowing Claim, entered November 28, 2007. (Docket No. 7203)

10. Forge's Bankruptcy Court proof of claim filed July 31, 2006. (Claim No. 2064)

11. Dana's Bankruptcy Court objection seeking to disallow Forge claim. (Docket No. 5985)

12. Forge's Bankruptcy Court response to objection of Dana seeking to disallow claim and cross-motion for abstention and relief from the automatic stay. (Docket No. 6222)

13. Forge's Bankruptcy Court Cross-Motion for stay relief. (Docket No. 6223)

14. Certificate of Service of Forge Objection and Cross-Motion. (Docket No. 6230)

15. Order granting admission to practice *pro hac vice to* Jay L. Lubetkin. (Docket No. 6140)

16. Forge's Bankruptcy Court response to reply of Dana. (Docket No. 6544)

17. Dana's Bankruptcy Court consolidated reply in support of objection seeking to disallow claim. (Docket No. 6495)

18. Notice of Appeal. (Docket No. 7075)

19. Transcript of deposition of James Knee dated April 12, 2005.

20. Forge's Response to Dana's Second Set of Interrogatories, dated December 7, 2005, in the District Court for the Eastern District of Michigan action.

21. Forge's Answers and document production in response to Dana's Initial Set of Interrogatories and Requests for Production Directed to Plaintiff, dated March 30, 2005, in the District Court for the Eastern District of Michigan action.

22. Request for Production of Documents Directed to Defendant Dana Corporation, dated January 31, 2005, in the District Court for the Eastern District of Michigan action.

23. Dana's Answers to Request for Production of Documents, dated February 28, 2005, in the District Court for the Eastern District of Michigan action. (Exhibit C to Exhibit G to Docket No. 5985).

24. Forge's Supplemental Interrogatories to Dana, dated November 4, 2005, in the District Court for the Eastern District of Michigan action.

25. Transcript of deposition of Oren Gillette dated June 21, 2005. (Exhibit E to Exhibit H to Docket No. 5985)

26. Transcript of deposition of Gerald E. Rosen dated October 28, 2005.

27. Transcript of deposition of Don Alwood dated June 21, 2005. (Exhibit F to Exhibit H to Docket No. 5985)

28. Forge's First Amended Complaint in the Michigan, Oakland County Circuit Court. (Exhibit F to Docket No. 5985)

29. Transcript of deposition of Bob Buss dated October 28, 2005. (Exhibit G to Exhibit H to Docket No. 5985)

Dated: December 6, 2007
       New York, New York

                                  Respectfully Submitted,

                                  /s/ Jonathan I. Rabinowitz
                                  Jonathan I. Rabinowitz (JR9356)
                                  RABINOWITZ, LUBETKIN & TULLY, L.L.C.
                                  293 Eisenhower Parkway, Suite 100
                                  Livingston, NJ 07039
                                  Phone: (973) 597-9100
                                  Fax:    (973) 597-9119
                                  E-Mail:  jrabinowitz@rltlawfirm.com

                                              and

                                  Harvey R. Weingarden, Esq.
                                  COHEN, LERNER & RABINOVITZ
                                  26862 Woodward Avenue, Suite 200
                                  Royal Oak, MI  48067
                                  Phone: (248) 691-2200
                                  Fax:    (248) 691-2214

F:\Client_Files\A-M\Forge Precision\Record on Appeal.doc